

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

NOS. WR-62,459-05 AND WR-62,459-06

**EX PARTE CHRISTIAN DIOR CONNER, Applicant**

## ON APPLICATIONS FOR WRITS OF HABEAS CORPUS
## CAUSE NOS. W17-56395-M(A) AND W17-56396-M(A) IN THE 194TH DISTRICT COURT FROM DALLAS COUNTY

*Per curiam.*

### O R D E R

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court these applications for writs of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant pled guilty to evading arrest and aggravated robbery, and he was sentenced to incarceration.

Applicant raises several claims in his habeas applications, including claims of involuntary pleas, ineffective assistance of trial and appellate counsel, and prosecutorial misconduct. He has alleged facts that, if true, might entitle him to relief. *Strickland v. Washington*, 466 U.S. 668 (1984); *Brady v. Maryland*, 373 U.S. 83 (1963); *Ex parte Patterson*, 993 S.W.2d 114, 115 (Tex. Crim. App. 1999); *Ex parte Morrow,* 952 S.W.2d 530 (Tex. Crim. App. 1997). There is no response from either

counsel in the records provided to this Court, and there are no findings from the trial court. In these circumstances, additional facts are needed. As we held in *Ex parte Rodriguez*, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact.

The trial court shall order trial and appellate counsel to respond to Applicant's claims of ineffective assistance by explaining counsel's representation of Applicant, either at trial or on appeal, including applicable strategy and tactical decisions. To obtain the responses, the trial court may use any means set out in TEX. CODE CRIM. PROC. art. 11.07, § 3(d). If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney to represent Applicant at the hearing. TEX. CODE CRIM. PROC. art. 26.04.

The trial court shall make findings of fact and conclusions of law regarding the claims raised in the habeas applications. The trial court may also make any other findings of fact and conclusions of law it deems relevant and appropriate to the disposition of Applicant's claim for habeas corpus relief.

These applications will be held in abeyance until the trial court has resolved the fact issues. The issues shall be resolved within 90 days of this order. A supplemental transcript containing all affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall be forwarded to this Court within 120 days of the date of this order. Any extensions of time shall be obtained from this Court.

Filed: August 21, 2019
Do not publish